An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1093

Filed 5 August 2026

Guilford County, No. 25JB010006-400

IN THE MATTER OF:

T.M.

Appeal by juvenile-appellant from orders entered 23 June 2025 by Judge Larry L. Archie in Guilford County District Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Janon M. Harris, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for juvenile-appellant.*

ZACHARY, Judge.

Juvenile-appellant, "Olivia,"[1] appeals from orders entered following the trial court's adjudication of Olivia as delinquent for simple assault. On appeal, Olivia asserts that (1) the trial court violated N.C. Gen. Stat. § 7B-2405 (2025) by permitting

---

[1] To protect the juveniles' identities, we adopt the pseudonyms chosen by the parties. *See* N.C.R. App. P. 42(b).

Olivia to testify without advising her of her privilege against self-incrimination; and (2) the trial court erred in its dispositional order by failing to make the requisite findings of fact under N.C. Gen. Stat. § 7B-2501(c). After careful review, we vacate and remand.

## I. Background

On 6 November 2024, Olivia and "John" were students at Triad Math and Science Academy (TMSA). At dismissal, John was walking to the car line to be picked up when Olivia grabbed him by his shirt and pulled him into a corner. Olivia punched John in the face, grabbed his hair, and dragged him to the ground, while John attempted to hit Olivia and push her away. Once John was on the ground, Olivia kicked him and "stomped on his head." School personnel eventually intervened and stopped the fight. John was taken to Urgent Care, where his face was cleaned and bandaged, and he was given Tylenol and evaluated for internal injuries to the stomach.

John's mother called the Greensboro Police Department. Officer Rouse responded and created a police report of the incident. Detective Childrey obtained surveillance footage of the fight from TMSA and identified Olivia as the female in the video.

On 3 January 2025, a juvenile petition alleging simple assault was filed against Olivia in Guilford County District Court. The petition came on for a juvenile delinquency adjudication hearing on 13 June 2025.

At the hearing, Olivia testified in her own defense. She stated that John had called her "a 'b' word" and "tried to hit [her]." However, there was no colloquy advising Olivia of her right against self-incrimination before she took the stand.

On 23 June 2025, Olivia was adjudicated as delinquent for simple assault. The trial court imposed a level one disposition, placed Olivia on six months' supervised probation, and ordered, *inter alia*, five days of intermittent confinement, 60 hours of community service, and restitution. Olivia timely entered written notice of appeal.

## II.    Discussion

Olivia first asserts that "the trial court violated [N.C. Gen. Stat.] § 7B-2405 when it permitted [Olivia] to testify without advising her of her privilege against self-incrimination." The State concedes "that Olivia is correct that there was reversible error, correctible by remand for a new adjudication hearing and disposition hearing." We agree.

### A. Standard of Review

"When a juvenile argues to this Court that the trial court failed to follow a statutory mandate, the error is preserved and is a question of law reviewed de novo." *In re E.M.*, 263 N.C. App. 476, 479, 823 S.E. 2d 674, 676 (2019) (italics omitted). In reviewing de novo, the appellate court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* (citation omitted).

### B. Juvenile's Privilege Against Self-Incrimination

"Our courts have consistently recognized that the State has a greater duty to

protect the rights of a respondent in a juvenile proceeding than in a criminal prosecution." *In re S.C.*, 290 N.C. App. 312, 313, 892 S.E.2d 106, 107 (2023) (citation omitted). To that end, "[t]he plain language of N.C. Gen. Stat. § 7B-2405 places an affirmative duty on the trial court to protect the rights delineated therein during a juvenile delinquency adjudication." *In re J.R.V.*, 212 N.C. App. 205, 210, 710 S.E.2d 411, 414 (2011), *disc. review improvidently allowed*, 365 N.C. 416, 720 S.E.2d 387 (2012) (per curiam); *see also* N.C. Gen. Stat. § 7B-2405 (providing that in a juvenile delinquency adjudicatory hearing, the trial court shall protect certain due process rights of the juvenile, including the privilege against self-incrimination). "[T]he statute requires, at the very least, some colloquy between the trial court and the juvenile to ensure that the juvenile understands his right against self-incrimination before choosing to testify at his adjudication hearing." *J.R.V.,* 212 N.C. App. at 209, 710 S.E.2d at 413 (emphasis omitted).

In the instant case, Olivia was permitted to testify in her own defense. During her testimony, Olivia admitted that she grabbed and hit John. However, a careful review of the hearing transcript reveals that the trial court did not engage in a colloquy with Olivia before she testified—or at any point during the proceedings, for that matter—to advise her of her right against self-incrimination and to ensure that she understood that right. Accordingly, the trial court failed to perform its duty under N.C. Gen. Stat. § 7B-2405(4).

"[F]ailure to follow the statutory mandate when conducting an adjudication

hearing constitutes reversible error unless proven to be harmless beyond a reasonable doubt." *S.C.*, 290 N.C. App. at 315, 892 S.E.2d at 108 (citation omitted). In *J.R.V.*, this Court determined that when the "juvenile's testimony [is] either consistent with the prior evidence presented by the State or . . . otherwise favorable to the juvenile, it cannot be considered prejudicial" and any error in its admission is therefore harmless. 212 N.C. App. at 210, 710 S.E.2d at 414. *Cf. S.C.*, 290 N.C. App. at 314–15, 892 S.E.2d at 108 (concluding that admission was not harmless because the juvenile's testimony was incriminating and the State used the inculpatory evidence in its closing argument).

Here, as in *S.C.*, the State used Olivia's testimony against her in its closing argument, noting: "She even testified herself that she grabbed him first." Further, the court cited Olivia's incriminating testimony in announcing its decision finding her responsible for simple assault: "[Olivia] testified that she grabbed the victim because the victim called her a 'b' word. She admitted putting her hands on the victim first. She admitted stomping the victim. She did not know the victim. And she admitted she had been in two or three prior fights."

The trial court failed to conduct a colloquy with Olivia to inform her of, and ensure that she understood, her right against self-incrimination as required by N.C. Gen. Stat. § 7B-2405. Moreover, it is clear that Olivia's testimony was incriminating, and that her incriminating statements were used against her in the proceedings below. We agree with the parties that Olivia is entitled to a new juvenile delinquency

adjudication hearing. Therefore, we vacate the adjudication order and remand for rehearing. *Id.* at 315, 892 S.E.2d at 108.

We need not address Olivia's second argument that the trial court failed to make certain required findings in its dispositional order. Having vacated the underlying adjudication order, we must also vacate the corresponding disposition order and remand to the trial court. *Id.*

## III. Conclusion

For the foregoing reasons, we conclude that the trial court committed reversible error by failing to conduct a colloquy with Olivia as required by N.C. Gen. Stat. § 7B-2405. Therefore, we vacate the adjudication and disposition orders and remand for rehearing.

VACATED AND REMANDED.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).